IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| MARY JOE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:09-2308-JFA-JRM |
| v. | ) | |
| | ) | |
| | ) | |
| DAVID E. SIMPSON, Attorney at | ) | |
| Law, IVAN N. WALTERS, Attorney | ) | **ORDER** |
| at Law, S. JACKSON KIMBALL, III,) | | |
| Attorney at Law and Master in | ) | |
| Equity for York County, LISA H. | ) | |
| WHISENANT, RONALD E. | ) | |
| WHISENANT, | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

This case involves alleged irregularities in a real estate transaction between the Plaintiff and

Defendants Lisa H. Whisenant and Ronald E. Whisenant. Defendants, David E. Simpson and Ivan

N. Walters, are attorneys who were involved in the transaction. The Honorable S. Jackson Kimball,

III ("Kimball") is the Master in Equity for York County, South Carolina.

**1. Motions to Compel**

Plaintiff and Kimball have filed motions to compel. Plaintiff filed a motion to compel on

August 4, 2010 (Doc.No. 45). She filed a "Motion to Lift Motion to Compel" (Doc.No. 46) on

August 10, 2010, indicating that she wishes to withdraw her motion to compel. The "Motion to



Lift" is **granted**, and Plaintiff's motion to compel will be withdrawn.

Kimball filed a motion to compel on June 22, 2010, seeking required information from Plaintiff's designated expert (Doc. No. 35). Plaintiff filed a response on June 30, 2010 (Doc. No. 36) conceding that the information requested was due. Kimball's motion to compel is **granted**, and if the information from Plaintiff's designated expert has not been delivered, Plaintiff shall comply with the motion to compel on or before September 10, 2010.

### 2. Miscellaneous Motion

On March 12, 2010 Plaintiff filed a "Request For All Court Orders and Roosters (sic) to be Mailed" (Doc. No. 33). The motion states:

> I, the Plaintiff, Mary Joe Moore, as Pro Se, do hereby request that the Federal Court give me access to the site to all relative rules and case laws that is available to the opposing counselors and mail all Court Order and Roosters, to me. The Plaintiff, Mary Joe Moore does not have access to the Internet.

The motion is not clear. The undersigned does not know which "site" Plaintiff wishes to access. There are internet sites (Plaintiff denies internet access, but her responses show that she frequently emails) such as Westlaw which are available to those who wish to pay. The Court does not maintain a site for conducting legal research that is available to litigants, and is not required to underwrite litigation expense for *pro se* litigants. This portion of Plaintiff's motion is **denied**.

Plaintiff also requests that the Court mail her all orders, rosters, etc. This portion of Plaintiff's motion is **granted** because *pro se* litigants are not required to use the Court's electronic filing system. The Court's procedure is to mail copies of all orders and other documents generated by the Court to *pro se* litigants. The Defendants in this case, including *pro se* Defendants, are required to

2



serve a copy of anything filed with the Court on Plaintiff pursuant to the Federal Rules of Civil Procedure, and to provide the Court with proof of such service.

**AND IT IS SO ORDERED.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

August 25, 2010