## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| MARY JOE MOORE, ) | C.A. No.: 0:09-cv-2308-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID E. SIMPSON, Attorney at ) | |
| Law, IVAN N. WALTERS, Attorney ) | |
| At Law, S. JACKSON KIMBALL, III, ) | |
| Attorney at Law and Master in Equity for ) | |
| York County, LISA H. WHISENANT, ) | |
| RONALD E. WHISENANT, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon Plaintiff Mary Joe Moore's objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court grant the motions for summary judgment submitted by Defendants Judge S. Jackson Kimball, III, David E. Simpson, and Ivan N. Walters. The R&R further recommends that this court deny Moore's motion for summary judgment and grant Moore's motion to dismiss Judge Kimball. Finally, the R&R suggests that this court dismiss all claims against Defendants Ronald and Lisa Whisenant, *sua sponte*. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## LEGAL STANDARDS

**I. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## II.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*,

48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

When the parties file cross-motions for summary judgment, "the standards upon which the court evaluates the motions for summary judgment do not change." *Taft Broad. Co. v. United States*, 929 F. 2d 240, 248 (6th Cir. 1991). "[T]he Court must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n. 4 (1st Cir. 1977)). The fact that both sides have moved for summary judgment does not establish that no genuine dispute of material fact exists and that judgment must be granted to one side or the other. *See Worldwide Rights Ltd. P'ship v. Combe, Inc.*, 955 F.2d 242, 244 (4th Cir. 1992); *Am. Fid. & Cas. Co. v. London & Edinburgh Ins. Co.*, 354 F.2d 214, 216 (4th Cir. 1965).

## ANALYSIS

Procedural & Factual History

On September 1, 2009, Moore filed this action against the following Defendants: David E. Simpson, Ivan N. Walters, the Honorable S. Jackson Kimball, III, Ronald E. Whisenant, and Lisa H. Whisenant. All of the Defendants answered. Judge Kimball, Simpson, and Walters have all filed separate motions for summary judgment. Moore has responded to these motions and has filed her own motion for summary judgment. She has also filed a motion to dismiss Judge Kimball as a Defendant.

Moore's complaint relates to a number of planned property conveyances between Plaintiff, Plaintiff's mother, Mary G. Curtis, and Defendants Lisa and Ronald Whisenant. The following summary given by the Magistrate outlines the general scheme of the planned property conveyances:

> Ms. Curtis owned real estate off Mt. Gallant Road in York County adjacent to property owned by her daughter, Moore. Apparently, Ms. Curtis wished to convey her property to Moore, who in turn, wished to sell a portion of the combined property to the Whisenants. The potential transaction was further complicated by a York County requirement that each parcel in a subdivision have ingress and egress on a county approved road. Because the parcel the Whisenants wished to purchase from the larger combined property would not qualify under the regulation, Ms. Curtis, Moore, and the Whisenants decided that Ms. Curtis would convey her property to the Whisenants, who would keep a portion of the property and convey the remainder of the property to Moore once a complying road or roads were built and York county approved the subdivision plat.

In order to accomplish the planned transfer, in October 1992 Curtis conveyed the land to the Whisenants, who both executed "Options to Purchase" giving Moore the rights to certain plats. Defendant Simpson witnessed all of those transactions. In a deed dated March 11, 1993, the Whisenants conveyed a tract of the land ("Tract 1" in the R&R) to Moore, but that deed was not recorded until November 18, 1998. Moore acknowledges that she received the deed from Simpson and recorded it on that date. Moore began attempting to get another tract of land ("Tract 3" in the R&R) transferred from the Whisenants to herself in 1999 so that she could

4

combine Tracts 1 and 3 with other property and use it for a multi-family development. In late December, 1999, Moore requested the deed for Tract 3 from Simpson, who wrote the Whisenants' attorney about the deed. Around the beginning of 2001, Moore hired attorney Bruce M. Poore to get the transfer of Tract 3 approved by the county and to obtain a deed from the Whisenants. Later that year, Moore hired another attorney, Defendant Walters, to form a corporation to act as a holding company for the property that Moore planned to develop. According to the Whisenants, they signed the deed that Poore sent them on December 28, 2001, and returned it to Poore's office. When Moore received a copy of the deed, she instructed Walters to obtain the original deed and to have it recorded. Walters spoke with Simpson about the deed, but Simpson was unaware that the Whisenants had executed a deed for the property. On December 28, 2006, Wells Fargo Bank, N.A. filed a foreclosure action against the Whisenants. Judgment in the foreclosure action was entered on February 15, 2007, and a court deed to the Whisenant's land was recorded on April 4, 2007. Judge Kimball presided over the foreclosure proceeding. Moore has asserted that she became aware of the outstanding deed to Tract 3 and the fact that the property remained in the name of the Whisenants on April 18, 2007.

Moore's Motion for Summary Judgment

Plaintiff, appearing pro se, filed a complaint citing the following "reasons" that the Defendants are being sued: conspiracy to defraud, fraud, unfair trade practices, breach of contract, intentional misrepresentation, unjust enrichment, immoral and unethical practices, bad faith – dishonest dealings, attorneys did not protect client, obstruction of justice, and serious miscarriage of justice. As pointed out by the Magistrate,

> Some of the "reasons" stated by Moore clearly do not constitute civil causes of action under South Carolina law. Others are overlapping and/or misstated. In her motion for summary judgment, Moore asserts that she has been damaged due to "[t]he failure of the Defendants to complete their respective obligations." (P. Mot., p. 2). Moore then argues that Judge Kimball, Simpson, and Walters were negligent in performing their duties. She also discusses the involvement of R. Whisenant and L. Whisenant and their "intimate knowledge of the transactions," but does not assert any claim against them.

Based on the claims Moore asserted against the Defendants and the Magistrate's recommendation to grant summary judgment to all of the Defendants, the Magistrate recommended that Moore's motion for summary judgment be denied. This Court adopts the Magistrate's recommendation with respect to Moore's motion for summary judgment.

Moore's Motion to Dismiss and Kimball's Motion for Summary Judgment

As an initial matter, this Court adopts the Magistrate's recommendation to grant the Plaintiff's motion to dismiss Judge Kimball as a Defendant, which renders Judge Kimball's Motion for Summary Judgment moot. The claims against Judge Kimball are dismissed with prejudice.

Simpson's and Walter's Motions for Summary Judgment

Though not clear from the record, Moore appears to be asserting claims of negligence or legal malpractice against attorneys Simpson and Walters. The Magistrate points out that such legal malpractice claims have a three year statute of limitations in South Carolina, which begins to run "not merely by knowledge of an injury but by

knowledge of diligently acquired facts sufficient to put an injured person on the notice of the existence of a cause of action against another." Kelly v. Logan, Jolley, & Smith, L.L.P., 383 S.C. 626, 682 S.E.2d 1, 4 (Ct. App. 2009) (citing Epstein v. Brown, 363 S.C. 372, 376, 610 S.E.2d 816, 818 (2005). Because this case was filed on September 1, 2009, all claims of legal malpractice arising before September 1, 2006 are barred by the statute of limitations.

As to Moore's claims against Simpson, any claims involving the property transfer from Curtis to the Whisenants are clearly barred by the statute of limitations as are any claims regarding the deed of the first tract of property that was recorded on November 1, 1998. Moore would have been on notice of the existence of a cause of action with regards to those property transfers almost eleven years before this case was filed. Furthermore, since Moore knew in 1999 that the title to Tract 3 was still in the name of the Defendants Whisenant, and she was engaged in trying to obtain a deed from Simpson for that Tract from that time until around 2001, Moore had sufficient facts to put her on notice of the existence of a cause of action against Simpson well before September of 2006.

As to Defendant Walters, Moore contends that she hired Walters to obtain the deed from Simpson in 2001. Based on Moore's own contention, the Magistrate concluded that Moore had knowledge of any claims against Walters related to that representation well before September 2006. This Court adopts the Magistrate's conclusion.

The Magistrate further points out even if the legal malpractice claims against Simpson and Walters were not barred by the statute of limitations, Moore has not established a standard of care by expert testimony or otherwise. Moore has contended that Simpson was not released from his fiduciary obligation until deeds to Tracts 1 and 3 were recorded. Against Walters, Moore has asserted that he failed to get the deed for Tract 3 from Simpson or to ascertain whether Simpson had filed the deed. However, these claims are based on a faulty premise, namely Moore's contention that deeds to Tracts 1 and 3 were prepared and signed at the time of the original property conveyances in 1992. This contention is unsupported by the record. For instance, if deeds had been executed at that time, then there would have been no need to execute "Options to Purchase" for those tracts of land. In the R&R the Magistrate further explains why this contention by Moore is unsupported by the record, finding "no evidence to support a conclusion that there was a deed from the Whisenants to Moore for Tract 3 prior to 2001, nor is there any evidence that Simpson or Walters ever had possession of the deed."

For the reasons discussed above, the Magistrate found that summary judgment was appropriate for Moore's claims against Simpson and Walters, and this Court adopts the Magistrate's recommendations as to both of those claims.

Ronald and Lisa Whisenant

The Magistrate concluded that the claims against both Defendants Whisenant should be dismissed *sua sponte* based on the fact that the Whisenants have risen to fulfill their duty under the "Options to Purchase" each time that a deed has been presented to them to convey Tract 3 to Moore. This fact is supported by the record—even Moore has

8

admitted that the Whisenants have signed the appropriate deeds to transfer the land covered by the "Options to Purchase" to Moore.  Furthermore, the Whisenants have expressed a continued willingness to convey Tract 3 to Moore.  As such, the Court adopts the Magistrate's recommendation as to Moore's claims against Ronald and Lisa Whisenant and dismisses those claims *sua sponte*.  This matter is now ended.

   IT IS SO ORDERED.

September 7, 2011            Joseph F. Anderson, Jr.
Columbia, South Carolina         United States District Judge